JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Mariam Succar

## DEFENDANTS
Walmart, Inc. f/k/a Wal-Mart Stores, Inc. and Wal-Mart Stores East, L.P

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Benton County, AR
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kitay Law Offices
1810 Union Blvd., Allentown, PA 18109 (610) 776-1700

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise |  ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
|  |  | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** |  | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions |  |  |
|  |  ☐ 555 Prison Condition |  |  |  |
|  |  ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Sec. 2000e

Brief description of cause:
Discriminatory Discharge Based on Pregnancy/Sex

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE: 03/26/2019

SIGNATURE OF ATTORNEY OF RECORD: *William P. Mansour*

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   FILED MAR 2 0 2019 MAG. JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __436-1/2 W. Turner Street, Apt. 3, Allentown, PA 18102__

Address of Defendant: __702 SW 8th Street, Bentonville, Arkansas 72716__

Place of Accident, Incident or Transaction: __3215 Commerce Center Blvd, Bethlehem, PA 18015__

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [✓]

I certify that, to my knowledge, the within case [ ] is / [✓] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __03/26/2019__   __William P. Mansour__   __318833__
                      *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

A.  **Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [✓] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

B.  **Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __William P. Mansour__, counsel of record *or* pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __03/26/2019__   __William P. Mansour__   __318833__
                      *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

FILED MAR 26 2019

Civ. 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Mariam Succar : CIVIL ACTION

v.

Walmart, Inc. f/k/a Wal-Mart Stores, Inc. and Wal-Mart Stores East, L.P. : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (✓)

03/26/2019 — Date
William P. Mansour — Attorney-at-law
Plaintiff — Attorney for

(610) 776-1700 — Telephone
(484) 350-3200 — FAX Number
wmansour@kitaylegal.com — E-Mail Address

(Civ. 660) 10/02

FILED MAR 26 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIAM SUCCAR,<br><br>  Plaintiff,<br><br> v.<br><br>WALMART, INC. f/k/a WAL-MART STORES, INC. and WAL-MART STORES EAST, L.P.,<br><br>  Defendants. | No. _____<br><br><br>CIVIL ACTION – LAW |

## COMPLAINT

NOW COMES, Plaintiff MARIAM SUCCAR ("Plaintiff"), by and through her undersigned counsel, who hereby complains against Defendants WALMART, INC. f/k/a WAL-MART STORES, INC. and WAL-MART STORES EAST, L.P. (collectively, "Defendants") as follows:

## INTRODUCTION

1. This sex and pregnancy-based employment discrimination action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). Specifically, as set forth in more detail herein, Plaintiff alleges that she was unlawfully discharged from her employment with Defendants because of her sex and pregnancy in violation of Title VII.

## PARTIES

2. Plaintiff is an adult individual currently residing at 436 ½ West Turner Street, Apt. 3, Allentown, PA 18102.

3. Defendant WALMART, INC. f/k/a WAL-MART STORES, INC. is publically-traded American multinational retail corporation that owns and operates a chain of retail stores,

discount stores, grocery stores, and supermarkets. WALMART, INC.'s headquarters are located at 702 SW 8th Street, Bentonville, Arkansas 72716.

4. Defendant WAL-MART STORES EAST, L.P. is a wholly-owned subsidiary of Defendant WALMART, INC. f/k/a WAL-MART STORES, INC.. WAL-MART STORES EAST, L.P. owns and operates various "Walmart" stores throughout the United States. Its headquarters are located at 601 N. Walton Boulevard, Bentonville, Arkansas 72716.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because this action arises under the laws of the United States.

6. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) and 42 U.S.C. § 2000e-5(f)(3) because the events giving rise to this action occurred within this district.

7. On July 23, 2018, Plaintiff timely filed a Charge of Discrimination against Defendants with the United States Equal Employment Opportunity Commission ("EEOC").

8. On February 14, 2019, the EEOC issued a Dismissal and Notice of Rights to Plaintiff, a copy of which is attached hereto as **EXHIBIT A.** This action is being commenced within ninety (90) days of Plaintiff's receipt of that Notice.

## FACTUAL ALLEGATIONS

9. Plaintiff began working for Defendants on October 1, 2012 as a Cashier at Store #2145 located in Whitehall, Pennsylvania. In August 2014, she transferred to Distribution Center #7356 located in Bethlehem, Pennsylvania and worked most recently as a Packer.

10. As a Packer at Distribution Center #7356, Plaintiff typically worked Monday through Thursday from 7:00 a.m. to 5:30 p.m. At the time of her termination, she was earning a base hourly wage of $18.25 per hour, plus various fringe benefits.

11. During her employment with Defendants, Plaintiff's job performance exceeded expectations. Indeed, in October 2017, Defendants presented Plaintiff with a certificate to celebrate 5 years of her "loyalty, dedication and hard work." Later, in January 2018, she was presented with a "Certificate of Appreciation" in recognition of her "service to the local community." Copies of these certificates are attached hereto as **EXHIBIT B.**

12. Defendants' attendance policy requires employees to report to work four (4) minutes before the start of their shifts and to clock in when their shifts start. If an employee arrives late or leaves early, Defendants' policy mandates the issuance of an "occurrence."

13. The accumulation of a certain number of "occurrences" triggers a "step" in the disciplinary process. Upon information and belief, there are three such "steps." Typically, several occurrences are needed before a "step" is reached and, as a general rule, employees are not terminated until reaching the third "step." Every six (6) months, one "occurrence" is removed from the employee's record.

14. In the six (6) months prior to her termination on June 6, 2018, Plaintiff had been tardy on two (2) occasions and received an "occurrence" for each of those occasions. Upon information and belief, she had not received enough "occurrences" to trigger even the first "step" of Defendants' disciplinary process.

15. On or about June 1, 2018, Plaintiff learned she was pregnant. As a result of her pregnancy, she experienced episodes of severe nausea and heartburn on a daily basis.

16. On June 5, 2018, Plaintiff informed her manager, Joe Bealer, that she was pregnant.

17. On June 6, 2018, as Plaintiff was driving to work, she was forced to pull over twice to vomit because of the severe nausea she was experiencing that morning.

18. On that same date, Plaintiff arrived to work and entered the premises at precisely 7:00 a.m. Plaintiff knew it was 7:00 a.m. because she looked at her cell phone clock just before entering the building and she looked at the punch-in clock on the wall just after entering the building. Both showed the time being 7:00 a.m.

19. Without clocking in, Plaintiff immediately reported directly to Bealer. She told him that she did not clock in and explained that she did not arrive prior to 7:00 a.m. because she vomited twice during her commute to work that morning.

20. Bealer asked Plaintiff twice what time she arrived, to which Plaintiff replied: "7:00 a.m." Bealer then asked why Plaintiff did not clock in, and Plaintiff responded that she did not clock in because she was not feeling well due to her pregnancy. Bealer agreed, stating "You look very pale."

21. Plaintiff told Bealer that she would prefer to take the day off, but that she was afraid of receiving an "occurrence," so she would try to complete her shift. She then reported to her station and began working.

22. Around 11:00 a.m. that day, Bealer called Plaintiff to his office and asked her to write down exactly why she was late that morning. Plaintiff complied and wrote that she was late because she vomited twice during her commute to work that morning due to complication with her pregnancy. Bealer than said he was going to give Plaintiff's written statement to Human Resources and that they were going to investigate the matter.

23. About thirty (30) minutes later, Plaintiff began feeling worse and felt like she was going to faint. She tried to find Bealer to ask if she could go home, but she could not find him.

24. Shortly thereafter, Plaintiff was called into the Human Resources office to meet with Bealer, another manager named "Heather," and a Human Resources supervisor.

4

25. During this meeting, Bealer accused Plaintiff of "stealing company time" by allegedly reporting for work that day at 7:03 a.m. and by failing to clock in. She reiterated that she arrived at 7:00 a.m., but nevertheless apologized for being late.

26. Plaintiff began crying and, again, explained to Bealer and the others that she arrived later than usual because she vomited twice during her commute to work that morning due to complications with her pregnancy. She begged Bealer and the others to give her a chance to obtain paperwork from her doctor, but they refused.

27. Instead of issuing Plaintiff an "occurrence" for her alleged tardiness, as their policy dictates, Defendants terminated Plaintiff's employment effective immediately. Plaintiff was required to turn in her badge and escorted from the building by Bealer.

28. Upon information and belief, male employees and other non-pregnant female employees would have received, and in fact did previously receive, an "occurrence" for similar tardiness without being terminated. Indeed, prior to becoming pregnant, Plaintiff, herself, received only an "occurrence" for prior instances of tardiness.

## COUNT I
## DISCRIMINATORY DISCHARGE IN VIOLATION OF
## 42 U.S.C. § 2000e-2(a)(1), TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

29. Plaintiff incorporates by reference all preceding allegations as if same were set forth more fully at length herein.

30. Plaintiff was a member of a protected class because she was female and pregnant.

31. At the time of her discharge, Plaintiff was performing her job satisfactorily and had not been disciplined in relation to her job performance or attendance.

32. Plaintiff was discharged from her employment with Defendants on June 6, 2018 for allegedly reporting late to work and/or incorrectly reporting the time she arrived at work.

33. Upon information and belief, other male and/or non-pregnant employees had not been discharged from their employment for reporting late to work and/or incorrectly reporting the time they arrived at work.

34. Upon information and belief, the employee hired to replace Plaintiff was either male or a non-pregnant female.

35. Defendants discharged Plaintiff from her employment because of her sex and pregnancy.

36. Defendants discharged Plaintiff from her employment because they knew she was pregnant and did not want to accommodate her pregnancy and related medical issues in the future.

37. Defendants did not have any legitimate, non-discriminatory reason for discharging Plaintiff from her employment.

38. Defendants' discharged Plaintiff from her employment intentionally and in reckless disregard for Plaintiff's rights under federal law.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, and award the following relief:

    a. All back pay from the date of termination through the date of judgment, plus pre- and post-judgment interest;

    b. Front pay from the date of judgment through a date deemed equitable and just by the court;

    c. Compensatory damages in an amount to be determined by a jury;

    d. Punitive damages in an amount to be determined by a jury;

    e. All costs and reasonable attorney's fees; and

    f. Any other relief deemed proper and just.

## DEMAND FOR JURY TRIAL

**PLEASE TAKE NOTICE** that Plaintiff Mariam Succar demands a trial by jury for all claims so triable.

*Respectfully Submitted,*

**KITAY LAW OFFICES**

BY: *William P. Mansour*
William P. Mansour, Esquire
Pa. Attorney ID No. 318833
**Kitay Law Offices**
1810 Union Blvd.
Allentown, PA 18109
P: (610) 776-1700
Email: wmansour@kitaylegal.com

Attorney for Plaintiff Mariam Succar

Dated: March 26, 2019

# EXHIBIT A

EEOC Form 161 (11/16)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Mariam Succar<br>436 1/2 W Turner St, Apt 3<br>Allentown, PA 18102 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ]    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2018-04932 | Legal Unit | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Jamie R. Williamson*      2/14/2019

Jamie R. Williamson,<br>District Director      *(Date Mailed)*

Enclosures(s)

cc:
| Maile Gilmore<br>Walmart c/o Littler Mendelson, P.C. - GSC (LCS)<br>2301 McGee Street<br>Suite 800<br>Kansas City, MO 64108 | William Mansour<br>KITAY LAW OFFICES<br>Po Box 14234<br>Reading, PA 19612 |
|---|---|

# EXHIBIT B



